OPINION
{¶ 1} Defendant-appellant, William Bailey, appeals his convictions in the Butler County Court of Common Pleas on counts of possession of cocaine, possession of marijuana, permitting drug abuse, and possession of drug paraphernalia. We affirm the convictions.
 {¶ 2} In May 2001, Middletown police investigated alleged drug activity at an apartment building located at 532 Crawford Street, in Middletown. Police had received numerous citizen complaints about drug activity in the building, and had received a specific complaint that appellant was trafficking drugs from that location. Police surveillance revealed heavy traffic going to and from the building. Appellant was observed in the building's upper level, northeast apartment, and in the apartment of Martha Lawson, who was also suspected of dealing in drugs.
 {¶ 3} Two confidential informants whom the police knew to be reliable from past experiences informed police that appellant was involved in narcotics trafficking from that location. As part of their investigation, the police sent an informant to purchase drugs from appellant. While a detective observed from a distance, the informant bought crack cocaine from appellant, paying with marked money.
 {¶ 4} Within 72 hours of the purchase, police applied for and obtained a warrant to search the apartment, storage area, and any outbuildings on the property. The warrant application specified that police wished to search for cocaine, money, drug records, lock boxes or safes, drug paraphernalia, weapons, and any fruits of the crime.
 {¶ 5} The warrant was granted and police executed the warrant on May 12, 2001. After announcing their presence and receiving no reply, police forced entry into the apartment. They discovered appellant in the living room. A woman was in the back room, disposing of drug paraphernalia out of a window. After securing the apartment, officers told appellant that they were looking for cocaine. Appellant directed them to look under the coffee table. Officers discovered a plastic bag in that location that was later determined to contain crack cocaine. They also found marijuana and drug paraphernalia in the apartment. Appellant protested that he did not live in the apartment, but police collected from the apartment appellant's cellular phone, clothing, key to the apartment and various toiletry items. Appellant maintained that he was in the apartment only to change the locks and clean.
 {¶ 6} Appellant was charged with possession of cocaine, possession of marijuana, permitting drug abuse, and possession of drug paraphernalia. Before trial, appellant filed a motion to suppress the evidence gathered in the search of the apartment. After a hearing on the matter, the trial court denied the motion. A jury returned guilty verdicts against appellant on all charges and he was sentenced accordingly. He appeals, raising three assignments of error:
 Assignment of Error No. 1: {¶ 7} "The court erred in overruling the defendant's motion to suppress."
 {¶ 8} When considering a motion to suppress, the trial court assumes the role of trier of fact as it is in the best position to resolve questions of fact and evaluate the credibility of witnesses.State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, a reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. However, an appellate court determines as a matter of law, without deferring to the trial court's conclusions, whether the trial court erred in applying the substantive law to the facts of the case. State v. Vance (1994), 98 Ohio App.3d 56, 58, quotingState v. Williams (1993), 86 Ohio App.3d 37, 41.
 {¶ 9} In his assignment of error, appellant alleges that police failed to demonstrate probable cause necessary to obtain the search warrant. Appellant specifically argues that the warrant was based on stale information, and that there is no evidence that the confidential informant was reliable.
 {¶ 10} The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." In determining whether probable cause exists to justify a warrant, "[t]he task of the issuing [court] is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [it], * * * there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v.Gates (1978), 462 U.S. 213, 238, 103 S.Ct. 2317, 2332. An appellate court's duty in reviewing a trial court's probable cause determination "is simply to ensure that the [court] had a `substantial basis for * * * conclud[ing]' that probable cause existed." Gates, 462 U.S. at 238-239,103 S.Ct. at 2332, citing Jones v. United States (1960), 362 U.S. 257,271, 80 S.Ct. 725, 736.
 {¶ 11} In the instant case, the affidavit recited that citizens had informed police that appellant was trafficking in drugs from the apartment; that reliable confidential informants had provided police with information indicating that appellant was involved in drug trafficking from the apartment; and, that a controlled drug buy was conducted at the apartment by the police and an informant. Middletown Police Detective Jim Cunningham testified to this information at the hearing on the motion to suppress. The affidavit provided more than sufficient factual information to the issuing judge to establish probable cause to believe that drugs and drug paraphernalia would be located at the place indicated.
 {¶ 12} Appellant's argument that the above information was "stale" in that the drug buy occurred three days prior is without merit. Under these circumstances, where there was ongoing drug activity, we do not find that such a short lapse is substantial. The standard for determining whether probable cause to believe evidence exists in a particular location is "whether, given all the circumstances set forth in the affidavit * * * there is a fair probability that contraband or evidence will be found in a particular place." Gates, 462 U.S. at 238,103 S.Ct. at 2332. The affidavit was based on ongoing criminal activity and we therefore find that there was evidence to support the conclusion that a fair probability existed that contraband and other evidence was located in the apartment. Accord State v. Latham (Oct. 15, 2001), Coshocton App. No. 01-CA-1.
 {¶ 13} Nor do we agree with appellant's assertion that the information provided by the confidential informants was unreliable. Where a confidential informant provides police with information, the informant's reliability, basis of knowledge and veracity are relevant factors in determining whether probable cause exists. Gates,462 U.S. at 230, 103 S.Ct. at 2328. In the present case, the informants had worked with the police in the past, and were known by the police to be reliable. Police were further able to verify the information the informants provided by completing a controlled drug purchase, thus providing an even greater indicia of reliability. See Adams v. Williams
(1972), 407 U.S. 143, 147, 92 S.Ct. 1921, 1924.
 {¶ 14} Upon consideration of all of the circumstances set forth in the affidavit, we conclude that the trial court did have a substantial basis for concluding that probable cause existed to issue the search warrant. Consequently, appellant's motion to suppress evidence gained in the search of the apartment was appropriately denied. The assignment of error is overruled.
 Assignment of Error No. 2: {¶ 15} "The defendant's conviction was supported by insufficient evidence and was contrary to the manifest weight of the evidence."
 {¶ 16} While appellant concludes in this assignment of error that all of his convictions should be reversed, the only argument he presents relates to his conviction for possession of cocaine. Accordingly, we will only review the evidence as it relates to this conviction. See App.R. 16(A)(6) and (7).
 {¶ 17} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Smith, 80 Ohio St.3d 89, 113,1997-Ohio-355, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Smith at 113.
 {¶ 18} Appellant was convicted of possession of cocaine, in violation of 2925.11(A), which states: "No person shall knowingly obtain, possess, or use a controlled substance." "Possession" is defined by R.C. 2925.01(K) as "having control over a thing or substance." Possession can be either actual or constructive. State v. Wolery (1976),46 Ohio St.2d 316, 329. Constructive possession exists when one is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within his immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus; Statev. Thomas (1995), 107 Ohio App.3d 239. However, mere access standing alone will not suffice to prove possession. R.C. 2925.01(K).
 {¶ 19} At trial, the state presented evidence that police found appellant in the apartment, and discovered cocaine in the same room as appellant, only a few feet away. The state presented testimony that appellant directed police to the plastic bag containing the crack cocaine and corrected them when they were looking in the wrong area. Further evidence was adduced which established that appellant was staying in the apartment, including police testimony that appellant had been observed at the apartment over a period of time, and the recovery of appellant's personal items from the apartment, including clothing and toiletries.
 {¶ 20} Viewing this evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could find that the elements of the offense were proved beyond a reasonable doubt. The conviction is supported by sufficient evidence.
 {¶ 21} Appellant also contends that the conviction was against the manifest weight of the evidence. A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v.Thompkins, 78 Ohio St.3d 380, 386-387, 1997-Ohio-52. The standard of review based upon the manifest weight of the evidence has been summarized as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 22} An appellate court will not reverse a judgment as against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the jury's resolution of any conflicting testimony.Thompkins at 389. When reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 23} In addition to the evidence recited earlier, the jury also heard testimony on appellant's behalf. Appellant testified that he did not live in the apartment but was there only to clean the apartment and change the locks. Appellant stated that he was living with his father at the time, and at trial, denied that any of the clothing found in the apartment was his. He further testified that he didn't know what was in the bag when he pointed it out to police. Appellant's father testified that appellant was living with him, and the owner of the apartment building testified that appellant was not living in the apartment. Much of appellant's testimony and that of the building's owner contradicted previous statements made by them to police.
 {¶ 24} Having reviewed the record before us, we conclude that the trier of fact did not lose its way in resolving the conflicting evidence, creating such a manifest miscarriage of justice that the conviction should be overturned. Appellant's conviction for possession of cocaine is supported by the manifest weight of the evidence. The second assignment of error is overruled.
 Assignment of Error No. 3: {¶ 25} "The court erred in assessing court-appointed counsel fees without holding a hearing."
 {¶ 26} In his final assignment of error, appellant contends that the trial court should have held a hearing to determine his ability to pay appointed counsel costs. The state counters that this court should presume the regularity of the sentencing proceeding since appellant failed to provide this court with a transcript of the sentencing hearing. However, review of the record demonstrates that appellant properly filed a transcript of this hearing. Accordingly, we will consider the assignment of error.
 {¶ 27} A trial court's authority to impose court-appointed counsel costs is governed by R.C. 2941.51. That section allows a trial court to order an accused to pay court-appointed counsel cost "if the person has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person." R.C. 2941.51(D). Interpreting this section, we have held that the trial court must make an "affirmative determination on the record" that the accused has the ability to pay or may reasonably be expected to have the ability to pay. See State v. Cooper, 147 Ohio App.3d 116, 2002-Ohio-617, at ¶ 71;State v. Rivera-Carrillo, Butler App. No. CA2001-03-054, 2002-Ohio-1013. This court has further held that a trial court complies with R.C.2941.51(D) where the trial court has considered a presentence investigative report which contains the defendant's financial and employment information. State v. Lane, Butler App. No. CA2002-003-069, 2003-Ohio-1246; State v. Dunaway, Butler App. No. CA2001-12-280, 2003-Ohio-1062. A hearing is not necessary to determine a defendant's ability to pay counsel costs where evidence of his ability to pay is otherwise contained in the record. See id.
 {¶ 28} In the present matter, the PSI contains information concerning appellant's employment history and financial condition, and states that appellant is in excellent health. The PSI indicates that appellant expects to return to work when he is released. Reviewing the transcript of the sentencing hearing, it is clear that the trial court considered the PSI before issuing appellant's sentence, which included the order to pay court-appointed counsel costs. Accordingly, the trial court's statements reflect an affirmative determination on the record that it considered whether appellant has or reasonably may be expected to have the means to pay all or part of the costs of the legal services rendered to him. See id. The assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and YOUNG, J., concur.