OPINION
{¶ 1} Defendant-appellant, Michael Young, appeals the sentence and assessment of attorney fees resulting from his October 25, 2004 conviction in the Warren County Court of Common Pleas for one count of receiving stolen property and three counts of forgery. We affirm the decision of the trial court.
 {¶ 2} During the months of June and July of 2004, appellant unlawfully obtained and fraudulently issued several checks from his father's business. Appellant was indicted on one count of receiving stolen property, and six counts of forgery, all fifth-degree felonies, and one count of misdemeanor theft. Appellant pled guilty to one count of receiving stolen property and three counts of forgery on October 25, 2004. Appellant waived a presentence investigation and the court sentenced appellant to eight months on each count, to run concurrently, and ordered him to make restitution in the amount of $1,985 for the checks passed. The court then asked appellant if there were any restrictions on his ability to work upon his release from sentence. Appellant indicated there were none and the court made a finding that appellant was capable of making restitution for the fees of his court-appointed counsel. The court also indicated in the judgment entry that appellant "has or is reasonably expected to have the means to pay the financial sanctions, fines, and court-appointed attorney fees imposed herein." Appellant appeals the imposition of attorney fees, raising two assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED IN ASSESSING THE REPAYMENT OF ATTORNEY'S FEES TO AN INDIGENT DEFENDANT."
 {¶ 5} Appellant argues that when a defendant is found to qualify as an indigent person, it is a violation of constitutional equal protection to order the repayment of the costs of his court-appointed counsel. Appellant refers to the language of R.C. 120.05(D), dealing with the appointment of counsel for indigent defendants, which provides that "where the person represented has, or may reasonably be expected to have, the means to meet some part of the costs of the services rendered to him, he shall reimburse the state public defender in an amount which he can reasonably be expected to pay."
 {¶ 6} However, the United States Supreme Court found such "recoupment language" to satisfy equal protection standards where safeguards exist for those defendants who are unable to contribute to such costs. Fullerv. Oregon (1974), 417 U.S. 40, 94 S.Ct. 2116. Where recoupment statutes allow for the protection of those indigent defendants who would suffer "manifest hardship" by the assignment of such fees, the statute will survive constitutional scrutiny. See id.
 {¶ 7} In Ohio, a sentencing court's authority to order reimbursement of court-appointed attorney fees is found in R.C. 2941.51(D), which states that "if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." See, also, R.C. 120.05(D). In interpreting this section, this court has held that before a trial court may order such reimbursement, it must make an "affirmative determination on the record" that the accused has the ability to pay or may reasonably be expected to have the ability to pay. State v. Dunaway, Butler App. No. CA2001-12-280, 2003-Ohio-1062, ¶ 39. As in Fuller, the requirement of these on-record determinations provides sufficient safeguards to avoid an equal protection violation. See State v. White, 103 Ohio St.3d 580,2004-Ohio-5989 (finding no equal protection violation with regard to the collection of court costs from indigent defendants).
 {¶ 8} Although not referring specifically to the requirements of R.C.2941.51(D), appellant further argues that the court's determination that appellant had the ability to contribute to the fees of his court-appointed counsel was insufficient and is not supported by the record. Appellant states that due to the trial judge's imposition of a sentence of incarceration, there was no indication of the defendant's earning ability and no guarantee of one in the future.
 {¶ 9} However, this court has held that an indigent defendant may properly be required to pay his attorney fees where the trial court has made some determination, on the record, that the defendant "has, or reasonably maybe expected to have, the means to contribute to all or some part of the costs of the legal services rendered to him." State v.Flanagan, Butler App. No. CA2002-05-120, 2003-Ohio-1444, ¶ 25. The transcript in this case reveals that in the acceptance of appellant's guilty plea, the trial judge asked defendant if there was "[a]ny reason you can't work upon completion of your sentence in this case, any restrictions on working for you?" The defendant-appellant replied, "No," and the judge went on to make his finding, on the record, that "[d]efendant is capable of making restitution for attorney's fees and to pay the costs of prosecution." This finding was again indicated on the judgment entry.
 {¶ 10} Cases finding orders of reimbursement to be in violation of the requirements of R.C. 2941.51 have done so where the record reflected no indication that the trial judge gave any consideration or made any determination of the defendant's ability to meet such costs. See Statev. Cooper, 147 Ohio App.3d 116, 2002-Ohio-617. However, this court has stated that findings such as that in Cooper, would be limited to "those cases in which the record lacks any information from which a court could affirmatively determine that the defendant has or reasonably may be expected to have the means to pay court-appointed counsel costs."Dunaway at ¶ 40, fn.1.
 {¶ 11} While both Flanagan and Dunaway dealt with cases in which the trial judge had a presentence investigation report at his disposal from which to determine the defendant's ability to meet the costs of his court-appointed attorney, the transcript reveals that such a report was waived by the defendant in this case. However, the trial judge asked the defendant himself if there were any restrictions on his ability to work upon completion of his incarceration. The appellant indicated there were none. Finding no limitation on defendant's ability to gain employment and thereby make restitution, the trial judge may properly determine that he would reasonably be expected to be able to pay the costs of his court-appointed counsel. See State v. Bailey, Butler App. No. CA2002-030-57, 2003-Ohio-5280.
 {¶ 12} Furthermore, appellant made no objection regarding his ability to pay such costs. Appellant had the opportunity to challenge the trial judge's determination that he had the ability to pay his attorney fees, but failed to raise any such objections at sentencing.
 {¶ 13} The record reveals that the trial court made inquiry and an affirmative determination on the record that appellant was capable of contributing to the costs of his court-appointed counsel. We therefore find that the requirements of R.C. 2941.51(D) are satisfied. Appellant's first assignment of error is overruled.
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "THE TRIAL COURT'S ORDER TO REPAY HIS COURT-APPOINTED ATTORNEY'S FEES HAS A CHILLING EFFECT ON THE RIGHT TO COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT."
 {¶ 16} Appellant argues that the policy of ordering reimbursement for the costs of court-appointed counsel has a chilling effect on an indigent defendant's Sixth Amendment right to representation at trial. He asserts that while costs may properly be assessed against a defendant, there is no authority for the ordering of reimbursement of attorney fees, particularly without a separate hearing to determine ability.
 {¶ 17} However, as stated above, a court's authority to order reimbursement of attorney fees against an indigent defendant can properly be found within the language of R.C. 2941.51. Bailey at ¶ 27. This court further held in Bailey that, where the record reflects evidence of a defendant's ability to make such restitution, an independent hearing on the issue is not necessary. Id.
 {¶ 18} Additionally, the Supreme Court in Fuller rejected the argument that such reimbursement violated the Sixth Amendment right to counsel. The Court noted that Oregon's system for providing counsel "quite clearly [did] not deprive any defendant of the legal assistance necessary to meet these needs," and held that the fact that an indigent defendant may someday be required to repay the costs of such services "in no way affects his eligibility to obtain counsel." Fuller at ¶ 9; see, also,State v. McLean (1993), 87 Ohio App.3d 392 (citing Fuller and rejecting indigent defendant's claim that reimbursement of court-appointed attorney fees had a chilling effect on the Sixth Amendment right to counsel).
 {¶ 19} Accordingly, appellant's second assignment of error is overruled.
 {¶ 20} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.