[Cite as *State v. Thompson*, 2014-Ohio-3380.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-08-158 |
| | : | O P I N I O N |
| - vs - | | 8/4/2014 |
| | : | |
| CHARLES Z. THOMPSON, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-01-0099


Michael T. Gmoser, Butler County Prosecuting attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Fl., Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Charles Z. Thompson, appeals from his convictions for trafficking in heroin, possession of heroin, having weapons while under disability, the illegal use or possession of drug paraphernalia, and possession of marihuana following his plea of no contest in the Butler County Court of Common Pleas. Appellant argues the trial court erred in overruling his motion to suppress evidence obtained from an illegal search and seizure. For the reasons set forth below, we overrule appellant's arguments and affirm his

conviction.

{¶ 2} Following a controlled buy of narcotics by a confidential informant at 10 Stephens Street, Apartment 2 in Hamilton, Butler County, Ohio, Detective Robert Horton with the Hamilton Police Department executed an affidavit of probable cause and sought a warrant to search the premises for, inter alia, drugs, drug related paraphernalia, and weapons. A warrant was issued on January 15, 2013, and two days later the warrant was executed. Appellant, the tenant of the apartment, was found on the premises along with heroin, marihuana, and a Taurus 9mm handgun. Appellant was arrested and indicted on one count of trafficking in heroin in violation of R.C. 2925.03(A)(2), one count of possession of heroin in violation of R.C. 2925.11, one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), one count of the illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), and one count of possession of marihuana in violation of R.C. 2925.11.

{¶ 3} On March 27, 2013, appellant filed a motion to suppress and dismiss, arguing the search was unconstitutional as the warrant was issued without probable cause. Appellant argued the affidavit submitted by Horton did not establish probable cause for the search as the affidavit did not demonstrate the confidential informant involved in the controlled buy was reliable. Appellant also argued the information contained within Horton's affidavit was stale as the affidavit did not definitively state when the controlled buy occurred, but rather indicated the buy occurred "within the past few days."

{¶ 4} A hearing on the motion to suppress was held on April 25, 2013, at which time the search warrant, including Horton's affidavit of probable cause, was entered into evidence. The affidavit was signed by Horton on January 15, 2013, and the search warrant was approved and issued that same day. The affidavit provided, in relevant part, the following:

Detectives of the Hamilton Police Department Vice Investigations

Section have received information from a reliable confidential informant that Charles Zell Thompson has been selling heroin from 10 Stephens Street #2 in the City of Hamilton, Butler County Ohio. Within the past few days, Detective Horton met with a reliable confidential informant in an effort to purchase heroin from this residence. The reliable confidential informant was search [sic] and found to have no contraband or currency on their person. Detective Horton gave them photocopied funds to use to purchase heroin from 10 Stephens Street #2. The reliable confidential informant was observed by Detective Crouch and Detective Horton entering the common door of 10 Stephens Street and then walking down the steps towards apartment #2. A few minutes later the confidential informant exited the common door and they met with Detective Horton. This reliable confidential informant handed over a plastic bag containing a tan powder to Detective Horton and they were searched again. They were found to have no other contraband or currency on their person. The reliable confidential informant advised Detective Horton that they had gone into apartment 2 to make the purchase. The tan powder field tested positive as heroin. A check of Charles Thompson's driver license verified that he uses the address 10 Stephens Street #2 in the City of Hamilton, Butler County Ohio.

{¶ 5} At the motion to suppress hearing, Horton testified about the controlled buy and his procurement and execution of the warrant. In regards to the controlled buy, Horton explained that immediately prior to the buy, he searched the confidential informant to make sure the informant did not have contraband or currency on the informant's person. The confidential informant was then given photocopied funds to purchase the narcotics, and was "visually observed, monitored the whole time, until [the informant] enter[ed] the residence." While the confidential informant was making the buy, Horton positioned himself approximately 30-40 yards away from the common door of the apartment complex in which the buy occurred. Horton explained the apartment complex was a multi-family apartment building and the common entry door to the building led to a hallway and staircase. Apartment 1 and Apartment 2 were located on the bottom floor of the building. From Horton's vantage point, he observed the confidential informant go downstairs, but could not tell which apartment the informant entered. The confidential informant later exited the apartment

building carrying a plastic bag containing tan powder. The informant told Horton that he purchased drugs from appellant in Apartment 2. A field test of the bag indicated the bag contained heroin. No DNA samples or fingerprints were lifted from the bag. However, in an effort to confirm the identity of the individual selling narcotics out of Apartment 2, Horton checked the tenant list for the apartment and the "OLIG" database, both of which identified appellant as the resident of Apartment 2.

{¶ 6} During cross-examination, Horton agreed his affidavit did not provide a specific date on which the controlled buy occurred and did not indicate "exactly how many days had passed since the drug deal had taken place." However, he clarified that the search warrant, which was acquired on January 15, 2013, was obtained "within a week" after the buy. Horton also acknowledged on cross-examination that as a result of the confidential informant's cooperation in making the controlled buy, trafficking charges would not be brought against the informant.

{¶ 7} On April 29, 2013, after determining there was a "substantial basis for the issuance of the warrant," the trial court issued a decision denying appellant's motion to suppress. Following the denial of his motion, appellant entered a no contest plea as to all charges set forth in the indictment. Appellant was subsequently sentenced to four years in prison.

{¶ 8} Appellant timely appealed, raising as his sole assignment of error the following:

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DENYING HIS MOTION TO SUPPRESS EVIDENCE.

{¶ 10} Appellant argues the trial court erred by denying his motion to suppress as there was insufficient probable cause to issue the search warrant. Appellant contends Horton's affidavit did not set forth sufficient facts for the judge issuing the warrant to assess the confidential informant's credibility, veracity, and reliability. He further argues the search

warrant lacked probable cause because Horton's affidavit "was not adequate regarding the time or date of the alleged drug transaction such that the issuing [judge] could determine the information was not stale."

{¶ 11} Our review of a trial court's denial of a motion to suppress presents a mixed question of law and fact. *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12. Acting as the trier of fact, the trial court is in the best position to resolve factual questions and evaluate witness credibility. *Id*. Therefore, when reviewing the denial of a motion to suppress, a reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Oatis*, 12th Dist. Butler No. CA2005-03-074, 2005-Ohio-6038, ¶ 10. "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *Cochran* at ¶ 12.

{¶ 12} Pursuant to Crim.R. 41(C), a judge may issue a search warrant upon a finding that "probable cause for the search exists." In determining whether probable cause exists to support the issuance of a warrant, courts employ a "totality-of-the-circumstances" test, which requires an issuing judge "to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit * * * including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Moore*, 12th Dist. Butler No. CA2005-08-366, 2006-Ohio-4556, ¶ 11, quoting *State v. George*, 45 Ohio St.3d 325, 329 (1989).

{¶ 13} "When reviewing a finding of probable cause in a search warrant affidavit, reviewing courts 'may not substitute their own judgment for that of the issuing [judge] by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which the reviewing court would issue the search warrant.'" *State v. Luna*, 12th

Dist. Butler No. CA2008-04-115, 2009-Ohio-3421, ¶ 12, quoting *George* at 330. "The duty of the reviewing court is simply to ensure that the [issuing judge] had a substantial basis for concluding that probable cause existed." *Moore* at ¶ 12. Any after-the-fact scrutiny should accord great deference to the issuing judge's determination and "doubtful or marginal cases should be resolved in favor of upholding the warrant." *George* at 330.

**Reliability of the Confidential Informant**

{¶ 14} Appellant contends Horton's affidavit provides no information to establish the reliability of the confidential informant and that the information set forth in the affidavit could not be deemed reliable as it originated from a source who "possesses a history of felony convictions" and who had "received a significant benefit in exchange for his assistance in the form of dropped drug trafficking charges." Appellant also contends the confidential informant's information was not independently corroborated by law enforcement and that law enforcement merely relied on hearsay information in seeking and procuring the search warrant.

{¶ 15} With regard to hearsay information in an application for a search warrant, Ohio courts have consistently found that hearsay information is relevant to the determination of probable cause. *Moore*, 2006-Ohio-4556 at ¶ 13. Where a confidential or anonymous informant is the source of the hearsay, there must be some basis in the affidavit to indicate the informant's credibility. *State v. Rivera*, 12th Dist. Butler No. CA2008-12-308, 2010-Ohio-323, ¶ 31. "An affidavit containing detailed information from informants (permitting an inference that illegal activity was personally observed by the informants), police corroboration of an informant's information through its own independent investigation, or additional testimony by the affiant helps to bolster and substantiate the facts contained in the affidavit." *Id.*, citing *State v. Ingram*, 12th Dist. Butler No. CA94-03-076, 1994 WL 519828, *2 (Sept. 26, 1994).

{¶ 16} The totality of the circumstances in the present case indicates the confidential informant possessed credible and reliable information that there was a fair probability that contraband or evidence of a crime would be found at 10 Stephens Street, Apartment 2. Further the record demonstrates the confidential informant's information, combined with law enforcement's own investigation corroborating such information, was sufficient to establish probable cause to issue the warrant.

{¶ 17} Horton's affidavit states that a tip was received from a reliable confidential informant that appellant was selling heroin out of 10 Stephens Street, Apartment 2. Law enforcement took steps to corroborate this information by setting up a controlled buy using the same confidential informant. Horton personally observed and monitored the buy, checking to make sure the confidential informant did not have contraband or currency on the informant's person before the buy. After the buy was complete, the confidential informant handed over a plastic bag containing tan powder and told Horton that the bag was purchased from appellant in Apartment 2. Law enforcement corroborated the informant's information by field testing the contents of the plastic bag and by checking the tenant list of the apartment building and the "OLIG" database to verify appellant's residency at 10 Stephens Street, Apartment 2. These facts were all set forth in Horton's affidavit of probable cause. From such facts, it is clear the confidential informant had specific information, which the informant personally observed and which was corroborated by the law enforcement's own investigation, that illegal activities involving trafficking in heroin was occurring at 10 Stephens Street, Apartment 2. Accordingly, we find that the facts in the affidavit, when viewed together, were sufficient to show there was a fair probability that contraband and evidence would be found at 10 Stephens Street, Apartment 2.

{¶ 18} In finding that the confidential informant possessed credible and reliable information, we reject appellant's argument that this case is similar to *State v. Davis*, 166

- 7 -

Ohio App.3d 468, 2006-Ohio-1592 (2d Dist.). In *Davis*, the Second District found an affidavit clearly insufficient to establish probable cause for a search. *Id.* at ¶ 4. The affidavit in *Davis* indicated that a confidential informant was given money on four occasions to purchase drugs. The informant then gave the money to another individual ("X"), who left the informant's residence, went to the defendant's residence, and on two of the four occasions, returned with cocaine to complete the transaction. *Id.* at ¶ 40. The affidavit in *Davis* did not provide any information from which the informant's reliability could be determined as it did not indicate that the affiant-law officer saw any of the relevant matters, including the informant giving X the recorded buy money, X going from the informant's house to the defendant's residence, X leaving the defendant's house, or X giving the informant cocaine. *Id.* at ¶ 44. Further, the informant in *Davis* did not see X go with the defendant into a room and return with drugs. There was also no indication the informant was checked for contraband and equipped with a wireless transmitter prior to the buys, and there was no subsequent, independent communications between X and the police to verify the information contained within the affidavit. *Id.* at 46. Based on these deficiencies, the Second District concluded the affidavit did not support a finding of probable cause. *Id.* at ¶ 45-46.

{¶ 19} The present case differs significantly from *Davis*, as Horton's affidavit does not suffer from the same or similar infirmities. Horton, the affiant, was directly involved with the informant, who bought the drugs and personally observed the drug transaction. Furthermore, Horton searched the informant for contraband and money prior to the buy and observed and monitored the informant as the informant entered appellant's apartment building to make the buy. Following the controlled buy, the informant communicated his successful purchase of heroin from appellant in Apartment 2, and Horton took steps to corroborate the informant's information. We therefore conclude that, unlike in *Davis*, the facts set forth in Horton's

affidavit provided the issuing judge with a substantial basis to believe that probable cause existed for a search warrant for 10 Stephens Street, Apartment 2.

## Timeliness of the Information

{¶ 20} Appellant also argues the warrant was improperly issued as the affidavit did not set forth the date the controlled buy occurred, therefore limiting the issuing judge's ability to determine whether the information in the affidavit had gone stale. Appellant argues that because the affidavit did not describe an ongoing drug operation, the timing of the controlled buy was crucial for determining whether there was a fair probability that contraband or evidence of a crime would be found at 10 Stephens Street, Apartment 2.

{¶ 21} "The law of search and seizure requires that an affidavit demonstrate that the information is timely." *State v. Harry*, 12th Dist. Butler No. CA2008-01-0013, 2008-Ohio-6380, ¶ 12, citing *State v. Jones*, 72 Ohio App.3d 522, 526 (6th Dist.1991). The facts set forth in the affidavit must be closely related to the time the warrant is issued in order to justify a finding of probable cause. *Id.*; *State v. Prater*, 12th Dist. Warren No. CA2001-12-114, 2002-Ohio-4487, ¶ 11. These facts are examined on a case by case basis. *Harry* at ¶ 12. "While there is no arbitrary time limit on how old information can be, the alleged facts must justify the conclusion that the subject contraband is probably on the person or premises to be searched." *Id.*

{¶ 22} Furthermore, "[a]lthough specific references to dates and times are best, there is no hard and fast rule as to the staleness issue." *State v. Proffit*, 5th Dist. Fairfield No. 07CA36, 2008-Ohio-2912, ¶ 20. "In determining whether information in an affidavit is stale, courts should consider: (1) the character of the crime; (2) the criminal; (3) the thing to be seized, as in whether it is perishable and easily transferable or of enduring utility to its holder; (4) the place to be searched; and (5) whether the information in the affidavit relates to a

single isolated incident or protracted ongoing criminal activity." *Harry* at ¶ 13, citing *Prater* at ¶ 13.

{¶ 23} Horton's affidavit was executed on January 15, 2013, and the affidavit specifically set forth that the confidential informant's controlled buy of heroin from appellant at 10 Stephens Street, Apartment 2 had occurred "within the past few days." Ohio courts have routinely rejected staleness challenges and affirmed probable cause findings where the language used in the affidavit to describe the time frame of a controlled buy is given in terms of hours, days, or weeks. *See, e.g., Moore*, 2006-Ohio-4556 at ¶ 17-22 ("within the last 72 hours"); *State v. Bailey*, 12th Dist. Butler No. CA2002-03-057, 2003-Ohio-5280, ¶ 12 ("three days prior" or "within 72 hours"); *State v. Thymes*, 9th Dist. Summit No. 22480, 2005-Ohio-5505, ¶ 28 ("within the past three days"); *State v. James*, 8th Dist. Cuyahoga No. 95056, 2011-Ohio-1239, ¶ 28-34 ("within the past seventy-two hours"). This is especially true where there is an indication of ongoing criminal activity. *See Bailey* at ¶ 12; *Proffit*, 2008-Ohio-2912 at ¶ 18-22 (finding that the "has been maintaining" language in the affidavit was sufficient to establish ongoing criminal activity). Here, the affidavit specifies that appellant "*has been selling* heroin from 10 Stephens Street #2." (Emphasis added.) From such language, the issuing judge was entitled to find that ongoing criminal activity was occurring at 10 Stephens Street, Apartment 2. Furthermore, from Horton's averments, the issuing judge was entitled to conclude that within a few days of the warrant's January 15, 2013 application date, drugs were located within the apartment as a controlled buy on the premises had occurred. The information in the affidavit was, therefore, timely.

{¶ 24} Accordingly, we find that appellant's motion to suppress was properly denied. Under a totality of the circumstances analysis, the affidavit filed in support of the warrant provided a substantial basis for the issuing judge to conclude there was a fair probability that

drugs, drug related paraphernalia, and weapons would be found at 10 Stephens Street, Apartment 2.

{¶ 25} Appellant's sole assignment of error is, therefore, overruled.

{¶ 26} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.