OPINION
{¶ 1} Jeffrey E. Brown, defendant-appellant, appeals from a judgment of the Franklin County Municipal Court, in which the trial court found appellant guilty, pursuant to a plea of no contest, to operating a vehicle under the influence ("OVI"), a first-degree misdemeanor and violation of Columbus City Code ("C.C.C.") 2133.01(A)(1).
 {¶ 2} The record contains scant details of the underlying facts of this case, but it appears appellant was riding a bicycle on a sidewalk on December 18, 2004, when he was detained by a police officer. Appellant was subsequently charged with one count of OVI, in violation of C.C.C. 2133.01(A)(1), one count of failing to display a lamp on the front of a bicycle, in violation of C.C.C. 2173.05(A), and one count of failing to comply with an order of a police officer, in violation of C.C.C. 2109.01(A). We note that there is a reference in the record to a second OVI count that was dismissed.
 {¶ 3} On March 14, 2005, appellant apparently filed a motion to dismiss the OVI count on constitutional grounds, although the record contains no copy of a written motion. After the trial court denied appellant's motion to dismiss the OVI count, appellant pled no contest to one count of OVI, in violation of C.C.C. 2133.01(A). The trial court found appellant guilty of OVI and dismissed the remaining two counts. The court fined appellant $300; sentenced him to 180 days incarceration, with 177 days suspended; suspended his driving privileges for six months, with limited privileges granted; and placed him on probation for one year. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
The Trial Court erred and abused its discretion in denying the motion to dismiss in violation of Appellant's rights under the Fourteenth
Amendment to the United States Constitution[.]
 {¶ 4} Appellant argues in his assignment of error that the trial court erred in denying his motion to dismiss in violation of his due process rights under the United States Constitution. C.C.C. 2133.01(A)(1) provides:
(A) No person shall operate any vehicle within this City, if, at the time of the operation, any of the following apply:
(1) The person is under the influence of alcohol, a drug of abuse, or a combination of them.
C.C.C. 2101.51 provides:
"Vehicle" means every device, including a motorized bicycle, in, upon or by which any person or property may be transported or drawn upon a street or highway, except that "vehicle" does not include any motorized wheelchair, any electric personal assistive mobility device, or any device that is used exclusively upon stationary rails or tracks, or any device, other than a bicycle, that is moved by human power.
 {¶ 5} Appellant seems to present two arguments. Appellant first argues that his due process rights were violated because the mandatory minimum penalty for operating a bicycle under the influence is not proportional to the crime, in that the penalty for operating a bicycle under the influence is the same for operating an automobile under the influence despite that the threat to society is not equivalent. Appellant also argues that, given this disparate threat to public safety between bicycles and automobiles, specifying bicycles to be included in the definition of "vehicle" is arbitrary and a violation of his due process rights. In support of these two arguments, appellant maintains that the legislation at issue is not based on factual data but bias and prejudice, and attaches to his appellate brief as evidence a bevy of statistics from the publication "Ohio Traffic Crash Facts" issued by the Ohio Department of Public Safety, which appellant claims show there were no fatalities to others caused by alcohol-impaired bicycle riders for 2003-2004, and only two alcohol-related bicycle accidents resulting in the death of the bicycle rider for the same period.
 {¶ 6} We initially note that appellant's first argument was not raised before the trial court. Before the trial court, appellant's counsel argued:
The case law says that while deference should be given to the legislature, that there has to be a rational basis between the problem that they're trying to solve and the statute that is written for that purpose. Obviously, the problem they're trying to solve by the Ohio statute is the carnage on the roads, the death, injury and property damage, and also to punish and restrict those who violate that law. And those purposes, we believe, are not served by the statute reading as broadly as it does, to include the guy that's on a riding mower in his backyard; the person, for that matter, in a wheelchair inside his house. The person in a travel trailer that's capable of being drawn on the highway, even if it's at a camp site and unhooked from the truck that pulls it, could still qualify as a vehicle under the OVI statute, as could this bicycle. * * *
From this excerpt, it is apparent appellant never argued before the trial court that the mandatory minimum penalty for operating a bicycle under the influence is not proportional to the crime. Although errors not raised before the trial court are typically deemed waived on appeal, Crim.R. 52(B) provides that the court may consider errors affecting substantial rights even though they were not brought to the attention of the trial court. Plain error is an obvious error that affects a substantial right. State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 108, citing State v. Keith (1997), 79 Ohio St.3d 514, 518. "Notice of plain error is taken with utmost caution only under exceptional circumstances and only when necessary to prevent a manifest miscarriage of justice." State v. Martin, Franklin App. No. 02AP-33, 2002-Ohio-4769, at ¶ 28.
 {¶ 7} Although slightly different, the second due process argument appellant asserts before this court is sufficiently similar to his argument before the trial court to avoid the application of the plain error doctrine. What appellant essentially asserts in this argument is that including a bicycle as a vehicle to which the OVI code section applies violates his due process rights because the wrong the legislature was trying to address is not protected by the inclusion of bicycles as a vehicle.
 {¶ 8} A statute challenged on due process grounds, which does not bear upon a fundamental right or suspect class, will be deemed valid if it is rationally related to a legitimate governmental purpose. State v.Runnels (1989), 56 Ohio App.3d 120, 122-123. Here, appellant does not claim the statute bears upon a fundamental right or suspect class. Therefore, the present statute will be found constitutionally valid if it: (1) bears a real and substantial relation to the public health, safety, morals or general welfare of the public; and (2) if it is not unreasonable or arbitrary. See Mominee v. Scherbarth (1986),28 Ohio St.3d 270. Under rational basis review, a statute will be upheld unless it is "wholly irrelevant to achievement of the state's purpose." (Emphasis sic.) Menefee v. Queen City Metro (1990), 49 Ohio St.3d 27, 29.
 {¶ 9} The problem with both of appellant's due process contentions is that, as mentioned earlier, appellant's arguments before this court are supported by numerous statistics and attachments from the publication "Ohio Traffic Crash Facts." Appellant never offered any of these statistics or submitted any of this documentary evidence to the trial court. It is axiomatic that, in a direct appeal, this court's review is limited to evidence presented at trial, and we cannot consider matters outside the record before us. State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Thus, because the statistics presented in appellant's appellate brief and the documents attached thereto were not before the trial court for consideration, this court cannot consider them. The significance of this evidentiary preclusion is great, given both of appellant's arguments on appeal are entirely and solely dependent upon this improperly submitted statistical evidence. As we cannot consider this evidence, appellant's contentions are without support, and he cannot demonstrate any error by the trial court.
 {¶ 10} Notwithstanding, even considering appellant's general arguments without any supporting evidence, we find them unsustainable and without merit. The underlying crux of appellant's arguments is that, because the number of fatalities and accidents caused by alcohol-impaired bicycle riders is small compared to those caused by impaired motor vehicle drivers, impaired bicycle riders should not be included under the OVI code or be subject to the same penalties as impaired motor vehicle drivers. However, appellant's focus upon the statistical differences in the rates of incidence is misplaced. Rather, the focus should be upon the harm against which C.C.C. 2133.01(A)(1) and 2101.51 were designed to protect. The statutes were enacted to protect the general public from death and injury. The potential harm caused by driving a motor vehicle impaired is the same potential harm caused by riding a bicycle impaired, regardless of the frequency at which such harm may result from each activity. An impaired bicycle rider weaving down a public street creates just as clear of a hazard to the traveling public as a motor vehicle operated by an intoxicated driver. Although the impact an intoxicated bicycle rider may have upon another object may be lesser than that of an intoxicated driver in a motor vehicle, the intoxicated bicycle rider nonetheless creates a serious potential risk of death and injury to himself, pedestrians, and other cyclists, as well as other motorists who are forced into evasive action when confronted with the intoxicated bicyclist.
 {¶ 11} When viewed from the perspective of this identical potential harm, it is clear that including bicycles under the OVI statute bears a substantial relationship to the safety of the public. That accidents involving impaired bicycle riders may occur at a lesser rate than those involving automobiles does not detract from this substantial relation to the end goal of protecting public safety. This goal of preventing danger to the community and the traveling public is clearly a legitimate goal of legislation. See United States v. Salerno (1987), 481 U.S. 739, 747,107 S.Ct. 2095. In addition, because the degree of potential harm caused by both impaired bicycle riders and impaired motor vehicle drivers is identical, it is rational that the degree of punishment for the acts be equivalent, as well.
 {¶ 12} Although appellant seeks to diminish such by his citation to various statistics, this potential for injury and death to both the impaired rider and other users of public streets clearly is real, and case law reveals examples of the dangers posed by impaired bicycle riders. See State v. Gangale (Apr. 3, 2002), Tuscarawas App. No. 2001AP060056 (upon approaching an intoxicated bicycle rider, a police officer observed the rider suddenly apply the brakes on his bicycle and catapult head first over the handlebars); State v. Loudon (July 1, 1996), Stark App. No. 1995CA00315 (a westbound, highly intoxicated bicyclist forced eastbound police officers to take evasive action to avoid a collision). Other courts have also noted the welfare of the public is furthered by prohibiting the operation of a bicycle while intoxicated. See State v. Shepard (1981), 1 Ohio App.3d 104, 106 (in applying the driving under the influence laws of the state of Ohio to the human operation of a bicycle, the appellate court stated "[f]irst and foremost, there is no problem with the public interest in prohibiting persons from operating bicycles on the streets and highways while under the influence of alcohol"); City of Logan v. Russell (June 29, 2000), Hocking App. No. 99CA7 (finding the operation of a bicycle while intoxicated can create as severe a hazard to the public as the operation of a motor vehicle, while concluding R.C. 4511.01 and 4511.19[A] are not constitutionally overbroad by their inclusion of bicycles). Therefore, even if we could consider the statistics appellant attaches to his brief, we would find them unpersuasive to demonstrate C.C.C. 2133.01(A)(1) and 2101.51 do not bear a substantial relationship to the potential harm that may be caused by impaired bicycle riders.
 {¶ 13} For these reasons, we find C.C.C. 2133.01(A)(1) and 2101.51 are rationally related to a legitimate governmental purpose, in that it bears a real and substantial relation to public safety and is not unreasonable or arbitrary. Therefore, appellant's conviction under C.C.C. 2133.01(A)(1) and 2101.51 did not violate his due process rights. Appellant's assignment of error is overruled.
 {¶ 14} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
Petree and Sadler, JJ., concur.