OPINION
{¶ 1} Defendant-appellant, Michael L. West, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.
 {¶ 2} On January 31, 2005, a Franklin County Grand Jury indicted appellant on one count of domestic violence in violation of R.C. 2919.25. The indictment arose out of an altercation that took place between appellant and his girlfriend, Ginger Thomas, on January 12, 2005. The indictment alleged that appellant had two previous convictions for domestic violence.[1]
Appellant entered a not guilty plea to the indictment and proceeded to a bench trial.
 {¶ 3} Ginger Thomas testified that she lived with appellant. She stated that on the morning of January 12, 2005, she was on the telephone with her mother when appellant hit her in the head, knocking the phone onto the floor. Appellant then kicked her and repeatedly choked her. He also shoved his fingers down her throat to choke and gag her. At various points in this altercation, Thomas attempted to call her mother and sister. She reached her mother and told her to come and help her because she thought appellant was going to kill her. Ginger's mother called Ginger's sister, Mary Thomas, and told her what was happening. Mary then drove to appellant's house.
 {¶ 4} Appellant testified and described the incident in a dramatically different way. According to appellant, Ginger was the aggressor. Appellant explained that Ginger became upset with him because she thought that he and a friend had gone out the night before. She started to get obnoxious and pulled his hair. She then hit him with a phone and tried to kick him. Appellant claimed that Ginger also scratched him on his arm.
 {¶ 5} The altercation was over by the time Mary Thomas arrived at appellant's house. However, Mary found Ginger crying and bleeding from her mouth. She also saw a variety of marks and bruises on Ginger's body. Officer Robert Wilson of the Columbus Police Department arrived at the scene and was unable to determine the primary aggressor in the altercation, so he did not arrest either of the parties. He did note that Ginger had blood on her lip but did not notice marks on her neck.
 {¶ 6} Sherri Starr, appellant's former live-in girlfriend, testified that appellant was twice convicted of committing domestic violence against her between 2000 and 2002. Appellant later admitted to these convictions.
 {¶ 7} The trial court found appellant guilty of domestic violence and sentenced him accordingly. Appellant appeals and assigns the following errors:
I. THE CONVICTION FOR DOMESTIC VIOLENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
II. THE TRIAL COURT ERRED IN OVERRULING DEFENDANTS RULE 29 MOTION AS THERE WAS NOT SUFFICIENT EVIDENCE TO CONVICT THE DEFENDANT.
III. THE TRIAL COURT ERRED IN CONSIDERING THE HEARSAY STATEMENTS OFFERRED BY MARY THOMAS.
 {¶ 8} We will first address appellant's third assignment of error, in which he contends the trial court erred by admitting hearsay testimony. Specifically, appellant points to Mary Thomas's testimony that Ginger called her and that Mary heard Ginger say "Stop. Mike. Stop." Appellant did not object to the introduction of this testimony. The failure to object to hearsay testimony waives any claim of error on appeal but for plain error. State v. Santiago, Franklin App. No. 02AP-1094, 2003-Ohio-2877, at ¶ 11. In order to find plain error, an appellate court must determine that the outcome of the trial clearly would have been different but for the trial court's improper actions. State v. Waddell (1996), 75 Ohio St.3d 163,166. Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 9} Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ginger's statement "Stop[,] Mike[,] Stop[,] is not hearsay because it is not an assertion. State v. Leonard,104 Ohio St.3d 54, 2004-Ohio-6235, at ¶ 97. An assertion for hearsay purposes "means to say that something is so, e.g., that an event happened or that a condition existed." Id., quoting State v.Carter (1995), 72 Ohio St.3d 545, 549. The statement challenged by appellant is not an assertion because it cannot be proved true or false. Thus, it cannot be offered to prove the truth of the matter asserted, and therefore, is not hearsay. Id. See, also,State v. Young (Apr. 12, 2001), Cuyahoga App. No. 78058 (finding that various questions, warnings, and directives were not hearsay because they were not assertive in nature and were incapable of being proved true or false).
 {¶ 10} Even if the statement was hearsay, appellant cannot demonstrate that its admission was plain error. Appellant contends that the statement left the trial court with the impression that he was the primary aggressor in the altercation, contrary to the determination made by the police officer at the scene. However, the trial court indicated in its oral decision that it did not need to consider the testimony of the sister and mother or the fact that the responding officer could not determine who was the primary aggressor. The trial court's decision was mainly based on Ginger's credible description of the attack. Therefore, the outcome of the trial would not clearly have been different if the challenged statement had not been admitted. Appellant's third assignment of error is overruled.
 {¶ 11} Appellant's first and second assignments of error challenge both the sufficiency of the evidence supporting his conviction and the manifest weight of that evidence. The legal concepts of sufficiency of the evidence and weight of the evidence are quantitatively and qualitatively different. Statev. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. Therefore, we will discuss appellant's sufficiency of the evidence and manifest weight arguments separately.
 {¶ 12} First, with respect to appellant's sufficiency of the evidence argument, the operative inquiry is whether the evidence is adequate to sustain a verdict. Id., at 386-387. When reviewing the sufficiency of the evidence, an appellate court must:
[E]xamine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. This test raises a question of law and does not allow the court to weigh the evidence. Thompkins, at 386;State v. Thomas (1982), 70 Ohio St.2d 79, 79-80. Rather, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v.Virginia (1979), 443 U.S. 307, 319. Consequently, when reviewing the sufficiency of the evidence, an appellate court must accept the fact finder's determination with regard to the credibility of the witnesses. State v. Yarbrough, 95 Ohio St.3d 227,2002-Ohio-2126, at ¶ 79; State v. Worrell, Franklin App. No. 04AP-410, 2005-Ohio-1521, at ¶ 41 ("In determining whether a conviction is based on sufficient evidence, we do not assess whether the evidence is to be believed, but, whether, if believed, the evidence against a defendant would support a conviction.").
 {¶ 13} In order to convict appellant of domestic violence as charged, the state must prove beyond a reasonable doubt that appellant knowingly caused or attempted to cause physical harm to a family or household member. R.C. 2919.25(A).[2] Appellant first claims that the state did not present sufficient evidence to show that Ginger Thomas was a family member. We disagree.
 {¶ 14} A family member is defined to include a person living as a spouse of the offender. R.C. 2919.25(F)(1)(a)(i). A person living as a spouse is defined as a person who is living with the offender or otherwise cohabitating with the offender. R.C.2919.25(F)(2). Ginger Thomas testified that she began dating appellant in April 2004 and moved in with him by January 2005. At the time of the altercation, the two were boyfriend and girlfriend and living together in appellant's house. Her testimony is sufficient for a trier of fact to find that she was a family member as defined by the statute. See State v. Avery,
Stark App. No. 2004-CA-00010, 2004-Ohio-5226, at ¶ 41 (sufficient evidence to establish victim was family member where parties lived together at the time of the offenses); Uhrichsville v.Losey, Tuscarawas App. No. 2005-AP-03-0028, 2005-Ohio-6564, at ¶ 27 (live-in girlfriend was a family member for purposes of domestic violence statute).
 {¶ 15} Next, appellant contends the state did not present sufficient evidence to show that he caused Ginger Thomas physical harm. Again, we disagree.
 {¶ 16} Physical harm to a person is defined to include any injury, illness, or other physiological impairment, regardless of its gravity or duration. R.C. 2901.01(A)(3). One does not have to cause serious injury to be guilty of domestic violence. A defendant may be found guilty of domestic violence if the victim sustains minor injuries or even no injuries at all. State v.Blonski (1997), 125 Ohio App.3d 103, 114.
 {¶ 17} The trial court found that appellant caused or attempted to cause physical harm to Ginger Thomas. Ginger testified that appellant hit her in the head, knocked her to the ground, kicked her and repeatedly choked her, even placing his fingers down her throat to gag her. She identified pictures of herself that showed marks and/or bruises on her leg, back, shoulder, neck, and lip. She explained that she received these injuries from appellant during this altercation. Her testimony, if believed, provides sufficient evidence for a trier of fact to find that appellant caused her, or at the least attempted to cause her, physical harm. See State v. Dobbs (June 10, 1996), Highland App. No. 95-CA-875 (sufficient evidence of physical harm where victim testified that offender hit him with a plate and caused a lump on head).
 {¶ 18} Appellant also argues that his conviction is against the manifest weight of the evidence. When presented with a challenge to the manifest weight of the evidence, an appellate court, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, supra, at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "`exceptional cases in which the evidence weighs heavily against conviction.'" Id.
 {¶ 19} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28.
 {¶ 20} In essence, appellant argues that the police officer who arrived at the scene and was unable to determine the primary aggressor in the altercation was an independent and more credible witness than Ginger and her sister. The trial court, however, found Ginger to be a credible witness, and we see no reason to reject that finding. Ginger testified to a violent altercation between her and appellant. Ginger stated that appellant hit, kicked and choked her. Pictures showed injuries Ginger received as a result of the altercation and both Ginger and Mary testified to those injuries. Simply because the police officer who arrived at the scene could not determine the primary aggressor in the altercation and chose not to arrest either party does not completely discredit Ginger's testimony describing the attack. Appellant's argument does not lead us to conclude that her testimony is so unreliable as to be not credible as a matter of law. See State v. Timmons, Franklin App. No. 04AP-840,2005-Ohio-3991, at ¶ 12. This is not the exceptional case in which the evidence weighs heavily against a conviction.
 {¶ 21} Appellant's domestic violence conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. Accordingly, appellant's first and second assignments of error are overruled.
 {¶ 22} Having overruled appellant's three assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Sadler and Travis, JJ., concur.
[1] Such an allegation enhanced the offense to a felony of the third degree. R.C. 2919.25(D)(4).
[2] While not directly contested, we note that Sherri Starr's testimony is sufficient for a trier of fact to find that appellant had two domestic violence convictions. Additionally, appellant admitted the two previous domestic violence convictions.