[Cite as *Tax Ease Ohio, L.L.C. v. Dry Creek Crushed Gravel Co.*, 2019-Ohio-2924.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TAX EASE OHIO, LLC | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 19-CA-7 |
| DRY CREEK CRUSHED GRAVEL<br>COMPANY, aka DRY CREEK CRUSHED<br>GRAVEL CO. | |
| Defendant-Appellant | O P I N IO N |
| and | |
| THE HUNTINGTON NATIONAL BANK, A<br>NATIONAL BANKING ASSOCIATION,<br>et al. | |
| Defendants | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Licking County Court of Common Pleas, Case No. 2018-CV-00954 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 16, 2019 |
| APPEARANCES: | |

For Plaintiff-Appellee

JAMES R. COOPER
Morrow, Gordon & Byrd, Ltd.
33 W. Main Street
P.O. Box 4190
Newark, Ohio 43058-4190

For Defendant-Appellant

DAVID T. BRADY
SUZANNE M. GODENSWAGER
ANDREW M. TOMKO
AUSTIN B. BARNES, III
BRIAN S. GOZELANCZYK
Sandhu Law Group, LLC
1213 Prospect Avenue, Suite 300
Cleveland, Ohio 44115

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Dry Creek Crushed Gravel Company, aka Dry Creek Crushed Gravel Co. ("Dry Creek"), appeals the January 9, 2019 Judgment Entry and Decree of Foreclosure entered by the Licking County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee Tax Ease Ohio, LLC ("Tax Ease") on its tax certificate foreclosure action.

STATEMENT OF THE CASE

**{¶2}** On August 31, 2018, Tax Ease filed a complaint in the Licking County Court of Common Pleas, naming Dry Creek, The Huntington National Bank ("Huntington"), Richard C. Kennedy, dba Kennedy Outdoor Advertising ("Kennedy"), and Licking County Treasurer as defendants. Tax Ease sought to foreclose on tax certificates relating to Permanent Parcel No. 079-296118-00.000, commonly known as 2097 Mount Vernon Road, Newark, Ohio, which was owned by Dry Creek. Tax Ease had purchased the tax certificates from the Licking County Treasurer. Tax Ease attached to its complaint copies of the two tax certificates, the Notice of Intent to Foreclose, and the preliminary judicial report.

**{¶3}** Service was perfected on all of the defendants. Dry Creek and the Licking County Treasurer filed timely answers to the complaint. Neither Huntington nor Kennedy filed an answer. On November 28, 2018, Tax Ease filed a motion for summary judgment against Dry Creek as well as a motion for default judgment against Huntington and Kennedy. Dry Creek filed a memorandum contra Tax Ease's motion for summary judgment on January 7, 2019. Therein, Dry Creek asserted genuine issues of material fact existed as to the amount due as well as to the applicable interest rates, the reasonableness of the attorney fees sought, and the amount of the assessments,

penalties, and charges which were not set forth in the tax certificates. Dry Creek did not provide any evidence to support its position.

**{¶4}** Via Judgment Entry and Decree of Foreclosure filed January 9, 2019, the trial court granted summary judgment in favor of Tax Ease. The trial court found Tax Ease was the vested holder of the two identified tax certificates with specific amounts due; the tax certificates constituted a first and valid lien on the property; and taxes, assessments, penalties, and interest may be due to the Licking County Treasurer. The trial court ordered Dry Creek's property to be sold.

**{¶5}** It is from this judgment entry Dry Creek appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE, TAX EASE OHIO, LLC, WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT FOR TRIAL.

II. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE, TAX EASE OHIO, LLC, WHEN REAL ESTATE WAS INCLUDED IN ITS JUDGMENT ENTRY UPON WHICH SALE WAS ORDERED AND UPON WHICH A TAX CERTIFICATE DID NOT EXIST, THERE WAS NO LIEN IN FAVOR OF PLAINTIFF-APPELLEE, AND WHICH WAS THE SUBJECT OF REDEMPTION BY DEFENDANT-APPELLANT IN A PREVIOUS CASE BROUGHT BY THE TREASURER OF LICKING COUNTY, OHIO.

STANDARD OF REVIEW

{¶6}   Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶7}   Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶8}   It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1987). The standard for granting summary judgment is delineated in *Dresher v. Burt*, 75 Ohio St.3d 280 at 293, 662 N.E.2d 264 (1996): " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case.

Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

I, II

**{¶9}** For ease of discussion, we shall address Dry Creek's assignments of error together. In its first assignment of error, Dry Creek argues the trial court erred in granting summary judgment to Tax Ease as genuine issues of material fact remained to be litigated. In its second assignment of error, Dry Creek maintains the trial court erred in granting summary judgment in favor of Tax Ease and ordering a sale of the property.

**{¶10}** Dry Creek submits it "raised the material issue of the account balances of the taxes, interest, and penalties associated with Permanent Parcel No. 079-296118-00.000" in its memorandum contra Tax Ease's motion for summary judgment . Brief of Appellant at 5. Dry Creek concludes, "As such, there were genuine issues of material fact and the motion for summary judgment of [Tax Ease] should not have been granted." *Id.* We disagree.

**{¶11}** R.C. 5721.37(F) provides, in relevant part:

* * * The tax certificate purchased by the certificate holder is *presumptive evidence* in all courts and boards of revision and in all proceedings, including, without limitation, at the trial of the foreclosure action, of the amount and validity of the taxes, assessments, charges, penalties by the court and added to such principal amount, and interest appearing due and unpaid and of their nonpayment. (Emphasis added).

{¶12} In her Affidavit in support of Tax Ease's motion for summary judgment, Jade Vowels, a servicing manager with Cazenovia Creek Investment Management, LLC, which is a servicer for Tax Ease, averred Tax Ease is the holder and owner of the tax certificates, the copies of the tax certificates attached to the complaint were true and accurate copies of the same, and the tax certificates were unredeemed and due. The tax certificates purchased by Tax Ease were presumptive evidence, pursuant to R.C. 5721.37(F), "of the amount and validity of the taxes, assessments, charges, penalties by the court and added to such principal amount, and interest appearing due and unpaid and of their nonpayment." We find Tax Ease met its burden; therefore, Dry Creek was required to present evidence that some issue of material fact remained to be litigated. We find Dry Creek failed to offer evidence to establish it had redeemed the tax certificates or present any evidentiary material to rebut the presumptive validity of the certificates, but merely set forth self-serving allegations in its memorandum contra to Tax Ease's motion for summary judgment.

{¶13} Dry Creek further contends the trial court did not have jurisdiction to order the sale because a tax certificate relative to Parcels One and Two of Tract Two did not

exist; there was no lien on the property; and Parcels One and Two of Tract Two were the subject of redemption in Licking County Court of Common Pleas Case No. 2017CV00511.

{¶14} "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits" and "defines the competency of a court to render a valid judgment in a particular action." *Cheap Escape Co. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, ¶ 6, 900 N.E.2d 601, quoting Morrison v. Steiner, 32 Ohio St. 2d 86, 87, 290 N.E.2d 841 (1972). Because a court without subject-matter jurisdiction lacks the power to adjudicate the merits of a case, a party may challenge jurisdiction at any time during the proceedings. Pratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11, 806 N.E.2d 992.  The Supreme Court of Ohio has "long held that actions in foreclosure are within the subject-matter jurisdiction of a court of common pleas." *Bank of Am., N.A. v. Kuchta,* 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 20.

{¶15}  We find the trial court had subject matter jurisdiction to adjudicate the merits of this case.  In support of its assertion the trial court lacked jurisdiction, Dry Creek attached to its Brief to this Court the September 25, 2018 Judgment Entry *Tax Foreclosure* from Licking County Common Pleas Case No. 2017CV00511, and the Notice of Sale associated therewith.  Dry Creek did not offer this evidence before the trial court. Because an appellate court cannot consider evidence outside of the record created before the trial court, we are precluded from considering the rulings from another case. *Columbus v. Brown*, Franklin App. No. 05AP-344, 2005-Ohio-6102, at ¶ 9, citing *State v. Ishmail* (1978), 54 Ohio St.2d 402, paragraph one of the syllabus.  Dry Creek did not timely introduce this evidence to rebut the trial court's decision prior to the trial court's grant of summary judgment to Tax Ease.

{¶16} Based upon the foregoing, we find the trial court did not err in granting summary judgment in favor of Tax Ease and ordering a sale of the property.

{¶17} Dry Creek's first and second assignment of error are overruled.

{¶18} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Baldwin, J. and

Wise, Earle, J. concur