[Cite as *State v. Brauer*, 2013-Ohio-3319.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


STATE OF OHIO,                                  :

     Plaintiff-Appellee,                    :

  - vs -                                              :

DAVID P. BRAUER II,                            :

     Defendant-Appellant.              :

CASE NO. CA2012-11-109

O P I N I O N
7/29/2013


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12CR28553


David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

The Helbling Law Firm, LLC, John J. Helbling, 6539 Harrison Avenue, Suite 124, Cincinnati, Ohio 45247, for defendant-appellant


**M. POWELL, J.**

{¶ 1}  Defendant-appellant, David P. Brauer II, appeals his conviction in the Warren County Court of Common Pleas for domestic violence.

{¶ 2}  In early August 2012, appellant and his then girlfriend, Cynthia Reis, were living at the Econo Lodge in Mason and had been living there for a month.  The room was rented under Reis' name and paid by appellant.  On August 7, 2012, during a verbal altercation

regarding appellant's whereabouts, drug abuse, and detoxification, an angry Reis threw soda (in its liquid form, not the plastic cup it was in) in appellant's face. Appellant spat in Reis' face; Reis picked up the receiver of the motel phone to call 9-1-1. Appellant grabbed the receiver from Reis who then slammed the telephone down. Thereafter, appellant, holding the phone with both hands, swung it at Reis and hit her in the head. Reis was injured as a result of the blow. Reis grabbed her cellphone from the nightstand and ran into the bathroom where she called 9-1-1. Appellant left the room. He was later arrested.

{¶ 3} In September 2012, appellant was indicted on one count of domestic violence. During a jury trial, Reis and two police officers dispatched to the motel testified on behalf of the state. At the close of the state's case, appellant moved for acquittal pursuant to Crim.R. 29. The trial court overruled the motion. Appellant did not testify or present witnesses on his behalf. On November 1, 2012, the jury found appellant guilty as charged.

{¶ 4} Appellant appeals, raising three assignments of error. For ease of discussion, the three assignments of error will be considered together.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE JURY ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY FINDING HIM GUILTY OF DOMESTIC VIOLENCE WITHOUT SUFFICIENT EVIDENCE.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE JURY ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY FINDING HIM GUILTY OF DOMESTIC VIOLENCE AGAINST THE WEIGHT OF THE EVIDENCE.

{¶ 9} Assignment of Error No. 3:

{¶ 10} THE TRIAL JUDGE ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY DENYING HIS MOTIONS FOR ACQUITTAL UNDER RULE 29, OHIO RULES OF CRIMINAL PROCEDURE.

{¶ 11} In his first and third assignments of error, appellant argues there was insufficient evidence to support his conviction and that the trial court erred in denying his Crim.R. 29 motion for acquittal. In his second assignment of error, appellant argues his conviction was against the manifest weight of the evidence. At the heart of these arguments is appellant's claim that the state failed to prove he *knowingly* caused physical harm to *a family or household member.*

{¶ 12} Our review of a trial court's denial of a Crim.R. 29 motion for acquittal is governed by the same standard used for determining whether a verdict is supported by sufficient evidence. *State v. Speakman*, 12th Dist. Fayette No. CA2010-06-013, 2011-Ohio-3430, ¶ 14. In turn, as this court has previously stated, while a review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct concepts, a finding that a conviction is supported by the weight of the evidence will be dispositive of the issue of sufficiency. *State v. Perkins*, 12th Dist. Fayette No. CA2009-10-019, 2010-Ohio-2968, ¶ 9.

{¶ 13} When considering whether a conviction is against the manifest weight of the evidence, a court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 220. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). The credibility of witnesses and weight given to the evidence are primarily matters for the trier of fact to decide. *State v. Gesell*, 12th Dist. Butler No. CA2005-08-367, 2006-Ohio-3621, ¶ 34.

{¶ 14} Appellant was convicted of domestic violence in violation of R.C. 2919.25(A),

which prohibits any person from "knowingly caus[ing] or attempt[ing] to cause physical harm to a family or household member."

{¶ 15} Appellant first argues the state failed to prove Reis was a family or household member. Specifically, appellant asserts that because there was no evidence of conjugal relations between appellant and Reis, an "essential element of the crime" of domestic violence, the state failed to prove the two cohabitated, and Reis was not a family or household member.

{¶ 16} Pursuant to R.C. 2919.25(F)(1)(a)(i) and R.C. 2919.25(F)(2), a "family or household member" is, among others, "a person living as a spouse" who "is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." For purposes of R.C. 2919.25(F)(2), "the essential elements of 'cohabitation' are (1) sharing of familial or financial responsibilities and (2) consortium." *State v. Williams*, 79 Ohio St.3d 459, 465 (1997); *Perkins*, 2010-Ohio-2968 at ¶ 12. In *Williams*, the Ohio Supreme Court listed several factors to guide fact-finders in determining whether cohabitation exists, to wit:

> Possible factors establishing shared familial or financial responsibilities might include provisions for shelter, food, clothing, utilities, and/or commingled assets. Factors *that might establish consortium include* mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations.

(Emphasis added.) *Williams* at 465. "These factors are unique to each case and how much weight, if any, to give to each of these factors must be decided on a case-by-case basis by the trier of fact." *Id.*

{¶ 17} We reject appellant's assertion that pursuant to *Williams*, proof of conjugal relations is required to find consortium, and therefore cohabitation (or, in appellant's words, that under the domestic violence statute, "the Supreme Court in *Williams* intended to include

other factors **and** conjugal relations). The supreme court clearly held in *Williams* that consortium is one of two necessary elements of cohabitation. However, based upon the language used by the supreme court in defining and construing "cohabitation," it is clear the existence or lack of conjugal relations is merely one of several factors that may be used to establish consortium, and therefore cohabitation. Proof of conjugal relations is not a necessary element of cohabitation.

{¶ 18} In fact, we note that in reviewing the wide-ranging definitions of "cohabitant" and "family or household member" developed in the context of domestic violence by various Ohio courts of appeals and trial courts, the supreme court cited two Ohio decisions which held that cohabitation can exist without conjugal relations. *See State v. Miller*, 105 Ohio App.3d 679 (4th Dist.1995) (sexual relations are not necessarily a requirement for cohabitation); *State v. Van Hoose*, 2d Dist. Clark No. 3031, 1993 WL 386314 (Sept. 27, 1993) (living together without sexual relations constitutes cohabitation). Since *Williams*, other Ohio decisions have either found cohabitation without proof of conjugal relations or held that proof of conjugal relations is therefore not necessary to support a conviction for domestic violence. *See Perkins*, 2010-Ohio-2968 (finding cohabitation without proof of conjugal relations); *State v. Clay*, 181 Ohio App.3d 563, 2009-Ohio-1235 (8th Dist.) (finding it was unnecessary for the state to establish a sexual relationship between the parties to support a conviction for domestic violence where the parties were sharing the same household and cohabitating by sharing financial responsibilities).

{¶ 19} Because any of the factors listed in *Williams* may be used to establish consortium, the state was not required to prove conjugal relations. In the case at bar, Reis testified that at the time she and appellant were living at the motel, their relationship was that of girlfriend-boyfriend and had been so for about 15 months. Reis also testified that their relationship was an "adult relationship" that included love, affection, and mutual respect.

{¶ 20} In light of the foregoing, we find the jury did not clearly lose its way by finding that Reis and appellant were cohabitating at the time of the offense, and that Reis was appellant's "family or household member."[1] *See Perkins*, 2010-Ohio-2968; *State v. West*, 10th Dist. Franklin No. 06AP-114, 2006-Ohio-5095 (victim was a family member under R.C. 2919.25(F) where victim testified she and the defendant were boyfriend and girlfriend and living together at the time of the offense).

{¶ 21} Appellant also argues that given Reis' testimony at trial she did not know whether appellant accidentally or intentionally hit her in the head with the phone, the state failed to prove he *knowingly* caused physical harm to Reis.

{¶ 22} The Ohio Revised Code defines "knowingly" as "when a defendant is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). To act knowingly, a defendant merely has to be aware that the result may occur; it is not necessary to demonstrate that the defendant intended to cause physical injuries. *State v. Standifer*, 12th Dist. Warren No. CA2011-07-071, 2012-Ohio-3132, ¶ 25. In addition, the Ohio Supreme Court has concluded that if a defendant's mental state is difficult to establish with direct proof, it may be "inferred from the surrounding circumstances." *State v. Logan*, 60 Ohio St.2d 126, 131 (1979).

{¶ 23} Reis testified that after she slammed the phone down, appellant turned around and, holding the phone with both hands, hit her in the head. At the time, Reis was no longer holding the phone, was not trying to hit appellant, and in fact was backing away from the phone. According to the two police officers dispatched to the motel, Reis never told them it was an accident. Rather, both officers testified that based on her statements about the incident, Reis believed appellant deliberately hit her with the phone.

---

1. Appellant does not challenge the jury's finding that he and Reis were sharing familial or financial responsibilities at the time of the offense, and we will not address the finding.

{¶ 24} The state was not required to prove that appellant specifically intended to hit Reis with the telephone. Rather, it was required to establish that appellant was aware that swinging the telephone at Reis would probably cause physical harm to her. *See Standifer*, 2012-Ohio-3132 at ¶ 27. After reviewing the record, we find that the jury could infer from appellant's conduct and the surrounding circumstances that he *knowingly* caused physical harm to Reis. The jury, therefore, did not clearly lose its way by finding that appellant knowingly caused physical harm to Reis.

{¶ 25} In light of all of the foregoing, we find that appellant's domestic violence conviction is not against the manifest weight of the evidence. As a result, we also necessarily find that his conviction is supported by sufficient evidence. *See Perkins*, 2010-Ohio-2968. Appellant's three assignments of error are overruled.

{¶ 26} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.