[Cite as *State v. Estes*, 2014-Ohio-3295.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2013-12-126 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 7/28/2014 |
| - vs - | : | |
| | : | |
| MATTHEW L. ESTES, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12CR28515

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Jeffrey W. Stueve, 12 West South Street, Lebanon, Ohio 45036, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Matthew Estes, appeals his conviction in the Warren County Court of Common Pleas for possession of heroin and drug paraphernalia.

{¶ 2} On July 16, 2012, Sergeant Joe Luebbers of the Ohio State Highway Patrol was dispatched to the scene of a serious car accident on Interstate 71 in Warren County, Ohio. Trooper Adams (no first name provided) was also dispatched to the scene. Appellant was a passenger in a vehicle involved in the accident. He was wearing a t-shirt, denim blue

jean overalls, and work boots. After it was discovered that a warrant existed for his arrest, appellant was arrested, handcuffed in the front due to his large size (appellant weighed about 300 pounds), and patted down, first by Trooper Adams, then by Sergeant Luebbers. Appellant's wallet as well as his pockets were searched. The officers did not find any weapons or contraband in appellant's possession. Appellant was then placed in the back seat of Sergeant Luebbers' patrol cruiser, behind the front passenger's seat.

{¶ 3} As Sergeant Luebbers continued to help with the investigation, he observed appellant move his head to the left and to the right as if he was looking for somebody. The officer then observed appellant lean his body to the left, almost to the point of being out of sight. Sergeant Luebbers walked back to his cruiser and transported appellant to the Lebanon Highway Patrol Post. After appellant exited the cruiser, Sergeant Luebbers lifted the bottom of the backseat of the cruiser to search for contraband appellant may have left in the cruiser. Underneath the seat, behind the driver's seat, the officer discovered a cut straw and a very thin, micro-sized baggie containing a tan powder. The powder was later identified as heroin. Fingerprint and DNA experts subsequently retained by appellant determined that there were no usable fingerprints on the baggie, and that while DNA was found on the straw, appellant was not the source of the DNA.

{¶ 4} In December 2012, appellant was indicted on one count of heroin possession and one count of drug paraphernalia possession. Prior to trial, appellant filed a motion for supplemental discovery, asking that the unidentified male DNA found on the straw be checked against the Combined DNA Index System (CODIS) database in order to identify the source of that DNA.[1] The trial court denied the motion.

---

1. "CODIS is a computerized program designed to house DNA profiles from convicted offenders, forensic samples, suspects, missing persons, unidentified remains and relatives of missing persons in various searchable databases." *State v. Emerson*, 192 Ohio App.3d 446, 2011-Ohio-593, ¶ 10 (8th Dist.), citing Baringer, *CODIS Methods Manual* (5th Rev.2009). CODIS has three levels, local, state, and national, with the county controlling the local database, the Ohio Bureau of Criminal Identification and Investigation controlling the state database,

{¶ 5} During a jury trial, Sergeant Luebbers testified that the cruiser is his vehicle; no one else drives it. The officer testified that pursuant to highway patrol policy, he checks under the backseat of the car at the beginning of each shift, using a flashlight. He also testified he checks under the backseat every time a person is placed in the backseat of his cruiser. Sergeant Luebbers testified that at the beginning of his shift on July 16, 2012 (a Monday), he checked under the backseat of his cruiser and did not find any contraband. He also testified that during the prior weekend, he cleaned his cruiser, checked under all the seats, and did not find any contraband. Appellant was the first person in the cruiser on July 16, 2012.

{¶ 6} Sergeant Luebbers also testified that the bottom of the backseat, which is made of foam, is not fastened to the floor of the cruiser, comes out in one piece, and can be easily lifted up from the back, the front, or the side. The officer further stated one would not need to lift the seat much to hide a baggie and a straw underneath it.

{¶ 7} Sergeant Luebbers testified he patted down appellant looking for weapons, any hard object, and anything that would be illegal. The officer testified people typically do not hide drugs in their pockets but rather in several other places such as their waistline, inside their clothing, in their underwear, or under their armpits. The officer testified that given the size and thinness of the baggie and the fact that denim is tough and hard to manipulate, it was "very possible" he did not feel the baggie when he patted down appellant at the scene.

{¶ 8} Appellants' experts testified at trial that there were no usable fingerprints on the baggie and that the DNA found on the straw was not appellant's DNA. The experts' respective laboratory reports, which were admitted into evidence, indicate that the baggie was tested for fingerprints, but not for DNA, and that the straw was tested for DNA, but not

---

and the Federal Bureau of Investigation maintaining the federal. *Id. See also State v. Oberding*, 12th Dist. Warren No. CA2011-09-101, 2012-Ohio-3047.

for fingerprints.

{¶ 9} On October 29, 2012, the jury found appellant guilty as charged. Subsequently, appellant moved for a new trial on the grounds that (1) the evidence presented at trial did not support his conviction, and (2) the trial court abused its discretion when it denied appellant's motion for supplemental discovery and declined to order the state to compare the unknown DNA against the CODIS database. On December 6, 2013, the trial court overruled the motion. Appellant was subsequently sentenced to three years of community control.

{¶ 10} Appellant appeals, raising two assignments of error.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 13} Appellant argues his conviction for heroin possession and drug paraphernalia possession is not supported by sufficient evidence and is against the manifest weight of the evidence because the state failed to prove he possessed the baggie of heroin and the straw before he was placed in the cruiser. In support of his argument, appellant relies on the officers' failure to discover the items during two pat-down searches of appellant and Sergeant Luebbers' cursory search of his cruiser before his shift.

{¶ 14} As this court has previously stated, while a review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct concepts, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency and will, therefore, be dispositive of the issue of sufficiency. *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 35; *State v. Brauer*, 12th Dist. Warren No. CA2012-11-109, 2013-Ohio-3319, ¶ 12.

{¶ 15} In determining whether a conviction is against the manifest weight of the evidence, this court, reviewing the entire record, must weigh the evidence and all reasonable

- 4 -

inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 220. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). An appellate court will not reverse a judgment as against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the jury's resolution of any conflicting testimony. *State v. Bailey*, 12th Dist. Butler No. CA2002-03-057, 2003-Ohio-5280, ¶ 22. When reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. *Id.*

{¶ 16} Appellant was convicted of heroin possession, in violation of R.C. 2925.11(A), which states: "No person shall knowingly obtain, possess, or use a controlled substance." Appellant was also convicted of drug paraphernalia possession, in violation of R.C. 2925.14(C)(1), which states: "No person shall knowingly use, or possess with purpose to use, drug paraphernalia." R.C. 2925.01(K) defines "possess" or "possession" as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

{¶ 17} Although no direct evidence of appellant's possession of the straw and baggie of heroin was presented at trial, sufficient credible circumstantial evidence was presented. It is well-established that a conviction can be based on circumstantial evidence alone. *State v. Shannon*, 191 Ohio App.3d 8, 2010-Ohio-6079, ¶ 10 (12th Dist.). Circumstantial evidence and direct evidence inherently possess the same probative value. *State v. Perkins*, 12th Dist. Preble No. CA2012-09-012, 2013-Ohio-3409, ¶ 9. In some cases, certain facts can only be

established by circumstantial evidence, and a conviction based thereon is no less sound than one based on direct evidence. *Id.*

{¶ 18} Sergeant Luebbers testified he searched the backseat of his patrol cruiser before the beginning of his shift on July 16, 2012, as well as during the prior weekend when he cleaned the vehicle. No contraband was found during either search. Appellant was the first person in the backseat of the cruiser on July 16, 2012. No contraband was found under the backseat until appellant exited the cruiser. While Sergeant Luebbers did not see appellant hide the baggie and straw underneath the backseat, he observed appellant lean his body to the left, almost to the point of being out of sight, while in the backseat, giving rise to an inference he was concealing something. Further, Sergeant Luebbers' pat down of appellant at the scene of the accident was a limited search for weapons and contraband. Given appellant's size, the type of clothing he was wearing, and the size of the straw and baggie, the jury could infer that the officer missed finding the two small items during the pat down.

{¶ 19} Therefore, based upon the evidence presented at trial, the jury could reasonably conclude that appellant had the baggie of heroin and the straw in his possession before entering the cruiser and subsequently hid the items underneath the backseat of the cruiser. *See State v. Primus*, 10th Dist. Franklin No. 01AP-1296, 2002-Ohio-3258; *State v. Stringer*, 4th Dist. Scioto No. 97 CA 2506, 1997 WL 603389 (Sept. 29, 1997).

{¶ 20} After thoroughly reviewing the record, we find that the jury did not lose its way in finding appellant guilty of heroin possession and drug paraphernalia possession, and thus find that appellant's conviction is not against the manifest weight of the evidence. Our determination that appellant's conviction is supported by the weight of the evidence is also dispositive of the issue of sufficiency. *Wilson*, 2007-Ohio-2298 at ¶ 35.

{¶ 21} Appellant's first assignment of error is overruled.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT ERRED TO THE DETRIMENT OF THE APPELLANT BY REFUSING TO ORDER THE APPELLEE TO CONDUCT A CODIS DATABASE SEARCH, BY DENYING THE APPELLANT'S MOTION FOR A NEW TRIAL, AND THE APPELLEE'S REFUSAL TO CONDUCT A CODIS DATABASE SEARCH IS A BRADY VIOLATION.

{¶ 24} Appellant argues the trial court erred in denying his motion for a new trial and in refusing to order the state to check the unidentified male DNA found on the straw against the CODIS database. Appellant asserts that the state's refusal to conduct the CODIS search (and thus, its refusal to identify the source of the DNA on the straw) violates his due process rights under the United States Supreme Court's decision in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963).

{¶ 25} The decision to grant or deny a motion for a new trial rests within the sound discretion of the trial court. *See State v. Schiebel*, 55 Ohio St.3d 71 (1990). Thus, an appellate court will not disturb a trial court's decision denying a motion for a new trial absent an abuse of discretion. *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 39.

{¶ 26} A defendant's due process rights are violated where the government withholds evidence favorable to a defendant that is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. *Brady*, 373 U.S. at 87; *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 27. "Evidence suppressed by the prosecution is 'material' within the meaning of *Brady* only if there exists a 'reasonable probability' that the result of the trial would have been different had the evidence been disclosed to the defense." *LaMar* at ¶ 27, quoting *Kyles v. Whitley*, 514 U.S. 419, 433-434, 115 S.Ct. 1555 (1995). "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial

- 7 -

resulting in a verdict worthy of confidence." *LaMar* at *id.*, quoting *Kyles* at 434. The defendant has the burden of establishing that the withheld evidence is exculpatory and material. *State v. McQueen*, 8th Dist. Cuyahoga No. 91067, 2008-Ohio-6160, ¶ 8.

{¶ 27} The trial court denied appellant's motion for a new trial on the ground that:

> [Appellant] has not demonstrated that his trial outcome would have been different if the identity of the person whose DNA was found on the cut straw been disclosed. It was made known to the jury that [appellant's] DNA was not found on the illicit material. Despite this, the jury found him guilty under the theory that more than one person could have shared the straw. The identity of the person whose DNA was found would not necessarily serve as exculpatory evidence because it does not serve to disprove any elements of the charged offenses. Therefore, the Court finds that the denial of [appellant's] discovery demand for additional DNA testing did not deprive him of his right to a fair trial.

{¶ 28} We find that the trial court did not abuse its discretion in denying appellant's motion for supplemental discovery and his motion for a new trial because appellant failed to prove that identifying the source of DNA on the straw would have changed the outcome of the trial.

{¶ 29} Appellant was convicted of possessing the baggie of heroin and the straw. The baggie of heroin was not tested for DNA and no usable fingerprints were found on the baggie. At trial, appellant's expert testified that the DNA found on the straw did not belong to appellant but rather to an unidentified male. The straw was not tested for fingerprints. Appellant was the sole passenger in the backseat of the cruiser. No contraband was found underneath the backseat before appellant was placed in the back of the cruiser. By contrast, the straw and the baggie were discovered right after appellant exited the cruiser.

{¶ 30} Under those circumstances, there is no reasonable probability that the result of the trial would have been different had the source of the DNA on the straw been identified. The exculpatory nature of the DNA evidence was based on the fact that appellant was not

the source of the DNA. The identity of the person who used the straw was neither exculpatory nor material and did not negate any of the elements of drug paraphernalia possession.

{¶ 31} Appellant's second assignment of error is accordingly overruled.

{¶ 32} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.