[Cite as *State v. Childers*, 2014-Ohio-4895.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO.  CA2014-02-034 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 11/3/2014 |
| - vs - | | |
| | : | |
| JEREMY LEE CHILDERS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13CR29429

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Timothy J. McKenna, 125 East Court Street, Suite 950, Cincinnati, Ohio 45202, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Jeremy Lee Childers, appeals his conviction and sentence in the Warren County Court of Common Pleas for sexually abusing his stepdaughter (the victim).

{¶ 2} Appellant was indicted in September 2013 on one count each of sexual battery, gross sexual imposition, both third-degree felonies, and sexual imposition, a third-degree

misdemeanor. The gross sexual imposition charge arose out of appellant's inappropriate sexual contact with the victim between August 2009 and September 2011 when the victim was under the age of 13. The sexual battery and sexual imposition charges arose out of appellant's inappropriate sexual contact and conduct with the victim when he gave her a massage in August 2013 when she was 14 years old. A jury trial held in December 2013 revealed the following facts.

{¶ 3} Appellant and the victim's mother ("Mother") have been married for 13 years and have three children together. Appellant is the victim's stepfather and the only father figure she has known. Mother testified that one of the family activities was called "Tickle Time," it "was kind of like a game, just tickle the kids," and "it was something we did with all four of the kids."

{¶ 4} The victim testified appellant began sexually abusing her in 2009 when she was ten years old. It involved appellant putting his hand down in her pants and inserting his finger into her vagina, and sometimes touching her breasts, during "Tickle Time" when she was on his lap. Appellant also called it "bugging" the victim "or wrestling." The victim testified the abuse went on for a few years and occurred when Mother was at work at Taco Bell. The jury heard testimony that Mother worked the night shift at Taco Bell for two years between 2009 and 2011, and that during that time, the victim and her siblings were under appellant's care. The victim testified appellant never inappropriately touched her siblings when he would play "Tickle Time" with them. The victim felt violated by the abuse but never told Mother for fear of hurting her or losing anyone or anything.

{¶ 5} In the summer of 2013, the victim, then 14 years old, was in a marching band and had to practice long hours. The jury heard testimony that appellant would offer to massage the victim to help with her sore muscles. At times, Mother was present during the massages. In August 2013, the victim stayed home with appellant while Mother and her

- 2 -

siblings went shopping. As he had done before, appellant offered to give the victim a massage.

{¶ 6} The victim testified that during the massage, appellant massaged her legs and back, then asked her to remove her shirt and bra. After she complied, appellant and the victim moved to his bedroom. There, appellant massaged her legs, back, and shoulders, then asked her to roll over onto her back, and thereafter touched her breasts and inserted his finger into her vagina after pulling her pants down. The victim testified that when Mother was present during massages, appellant did not touch the victim's breasts or insert his finger into her vagina.

{¶ 7} Eventually, the victim confided in a friend regarding the abuse. Unbeknownst to the victim, her friend or her parents called the police. When the police responded to appellant's residence on August 19, 2013, a few days after the massage incident, appellant and Mother were loudly arguing about the incident and, according to the victim, specifically about the fact appellant had asked the victim to remove her shirt and bra. Mother testified that during the argument, she told appellant it was inappropriate for him to give the victim a massage. She also testified she had previously told appellant it was inappropriate to have the victim sit on his lap.

{¶ 8} When the police simply informed appellant they were there regarding child issues, appellant volunteered he had given a massage to the victim. Later, when questioned by Detective Mark Allen, appellant admitted massaging the victim's feet, legs, inner thighs, back, and neck, and asking her to remove her shirt and bra. Appellant also told the detective he may have brushed the victim's breast while giving her the massage; however, any such touching was accidental. The victim was eventually taken to the hospital for a rape examination. A few days later, during an interview with a social worker, the victim told the social worker about the 2009-2011 sexual abuse and the August 2013 massage incident.

Detective Allen testified that the victim's statements to the social worker were consistent with the victim's trial testimony.

{¶ 9} On December 12, 2013, the jury found appellant guilty as charged. The trial court merged the sexual imposition count with the sexual battery count, sentenced appellant to 36 months in prison for the sexual battery and 12 months for the gross sexual imposition, and ordered that the sentences be served consecutively.

{¶ 10} Appellant appeals, raising three assignments of error. Appellant's first and second assignments of error will be addressed together.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT AS THERE WAS INSUFFICIENT EVIDENCE TO CONVICT.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BECAUSE THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 15} Appellant argues his convictions for sexual battery, sexual imposition, and gross sexual imposition are not supported by sufficient evidence and are against the manifest weight of the evidence because (1) there was no physical evidence of, or eyewitnesses to the offenses, (2) the victim did not appear upset in August 2013 when Mother returned home from her shopping trip or when she accompanied the victim to the hospital for a rape examination, and (3) appellant "did not act like a guilty man once police were involved."

{¶ 16} As this court has previously stated, while a review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct concepts, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency and will, therefore, be dispositive of the issue of

sufficiency. *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 35; *State v. Brauer*, 12th Dist. Warren No. CA2012-11-109, 2013-Ohio-3319, ¶ 12.

{¶ 17} In determining whether a conviction is against the manifest weight of the evidence, this court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 220. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶ 18} An appellate court will not reverse a judgment as against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the jury's resolution of any conflicting testimony. *State v. Estes*, 12th Dist. Warren No. CA2013-12-126, 2014-Ohio-3295, ¶ 15. When reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. *Id.*

{¶ 19} Appellant was convicted of sexual battery, in violation of R.C. 2907.03(A)(5), which states in relevant part that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when [t]he offender is a stepparent of the other person." "Sexual conduct" includes, "without the privilege to do so, the insertion, however slight, of any part of the body * * * into the vaginal or anal opening of another." R.C. 2907.01(A).

{¶ 20} Appellant was also convicted of gross sexual imposition and sexual imposition, in violation of R.C. 2907.05(A)(4) and 2907.06(A)(4) respectively. As applicable here, R.C. 2907.05(A)(4) prohibits any person from having sexual contact with another, not the spouse of the offender, when the other person is less than 13 years old, regardless of whether the

offender knows the age of the other person. As applicable here, R.C. 2907.06(A)(4) prohibits any person from having sexual contact with another, not the spouse of the offender, when the other person is at least 13 years old but less than 16 years old, whether or not the offender knows the age of the other person, and the offender is at least 18 years old and 4 or more years older than the other person. "Sexual contact" means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶ 21} After carefully reviewing the record, we find the jury did not lose its way in finding appellant guilty of sexual battery and sexual imposition with regard to the August 2013 massage incident when appellant and the victim were home alone. The victim testified that during the massage, appellant massaged her thighs, touched her breasts after asking her to remove her shirt and bra and roll over onto her back, and inserted his finger into her vagina after pulling her pants down. When questioned by Detective Allen, appellant admitted massaging the victim's inner thighs and asking her to remove her shirt and bra. Appellant also told the detective he may have brushed the victim's breast while he gave her the massage. At the time of the incident, the victim was 14 years old and appellant was over the age of 18 and more than 4 years older than the victim.

{¶ 22} Mother testified the victim did not seem upset and acted normal both after the August 2013 massage incident and when she was taken to the hospital for a rape examination several days later. A few days after the massage incident, Lebanon Police Officer Steven Drake responded to appellant's residence for possible child sex abuse and talked to the victim. Officer Drake testified that as he spoke with the victim, while Mother was sitting next to her, the victim was "welling up" and "tearing up," and that tears were "streaming down her face." Mother did not testify about the victim's demeanor when the

latter was talking to the officer. Detective Allen testified he observed the victim at the hospital. According to the detective, the victim "was very saddened, almost defeated, just very sullen, not very talkative. Just emotionally a wreck."

{¶ 23} After carefully reviewing the record, we also find the jury did not lose its way in finding appellant guilty of gross sexual imposition. The victim testified the sexual abuse began in 2009 when she was ten years old and involved appellant putting his hand down in her pants and inserting his finger into her vagina, and at times touching her breasts, during "Tickle Time" when the victim was on appellant's lap. The victim testified the abuse occurred when Mother was at work at Taco Bell. The jury heard testimony that Mother worked the night shift at Taco Bell for two years between 2009 and 2011, and that during that time, the victim and her siblings were under appellant's care.

{¶ 24} We decline to overturn the verdicts because the jury did not believe testimony presented on appellant's behalf. "When conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." *State v. Davis*, 12th Dist. Butler No. CA2010-06-143, 2011-Ohio-2207, ¶ 43. As the trier of fact in this case, the jury was in the best position to judge the credibility of witnesses and the weight to be given the evidence. *Estes*, 2014-Ohio-3295 at ¶ 15. The jury was thus free to accept or reject any or all of appellant's evidence. *Davis* at *id*. Simply because there was no physical evidence or eyewitnesses to the offenses, the victim did not seem upset when Mother returned home from her shopping trip or when she accompanied the victim to the hospital, and appellant did not act like a guilty man once police were involved does not mean the offenses did not occur as testified to by the victim.

{¶ 25} Appellant's convictions for sexual battery, gross sexual imposition, and sexual imposition are therefore not against the manifest weight of the evidence. Our determination that appellant's convictions are supported by the weight of the evidence is also dispositive of

the issue of sufficiency. *Brauer*, 2013-Ohio-3319 at ¶ 12.

{¶ 26} Appellant's first and second assignments are overruled.

{¶ 27} Assignment of Error No. 3:

{¶ 28} THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES ON TWO COUNTS EACH OF SEXUAL OFFENSES AGAINST THE SAME VICTIM.

{¶ 29} Appellant argues the trial court erred in imposing consecutive sentences for the felony offenses of sexual battery and gross sexual imposition because the trial court failed to make the required findings under R.C. 2929.14(C)(4).

{¶ 30} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 112. First, the trial court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 31} "A trial court satisfies the statutory requirement of making the required findings when the record reflects that the court engaged in the required analysis and selected the appropriate statutory criteria." *Setty* at ¶ 113. When imposing consecutive sentences, a trial court is not required to provide "a word-for-word recitation of the language of the statute" or articulate reasons supporting its findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 27, 29; *Setty* at ¶ 113. However, the record must be sufficient for a reviewing court to determine that the trial court engaged in the required sentencing analysis and made the findings required by the statute. *Bonnell* at ¶ 29, 36. When imposing consecutive sentences, the trial court "is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" *Id.* at ¶ 37.[1]

{¶ 32} During the sentencing hearing, the trial court found that "consecutive sentences are necessary to punish the offender in this case. That it's not disproportionate to the criminal conduct, it's a danger to the defendant and it's necessary to protect the public from future crimes." The trial court did not incorporate its findings into the sentencing entry.

{¶ 33} We find the trial court failed to make all of the required findings under R.C. 2929.14(C)(4) before imposing consecutive sentences. While the trial court found that consecutive sentences were necessary to punish appellant and to protect the public from future crimes, thus satisfying the first required finding under R.C. 2929.14(C)(4), it failed to make the other two required findings. Specifically, the trial court did not address the

---

1. "A trial court's inadvertent failure to incorporate the [R.C. 2929.14(C)(4)] findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Bonnell*, 2014-Ohio-3177 at ¶ 30. However, "a nunc pro tunc entry cannot cure the failure to make the required findings at the time of imposing sentence." *Id.*

proportionality of consecutive sentences to the seriousness of appellant's conduct and the danger *he* poses to the public. *See Bonnell*, 2014-Ohio-3177 at ¶ 33; *State v. Wilkerson*, 3d Dist. Logan Nos. 8-13-06 and 8-13-07, 2014-Ohio-980, ¶ 24. The trial court also failed to make the required finding under R.C. 2929.14(C)(4)(a)-(c), such as a finding that appellant's history of criminal conduct demonstrates the need for consecutive sentences to protect the public from future crime by appellant.

**{¶ 34}** Because the trial court did not make all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences, and did not incorporate all of the necessary findings into its sentencing entry, we clearly and convincingly find that appellant's consecutive sentences are contrary to law. *State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 8, 25; *State v. Moore*, 6th Dist. Lucas No. L-13-1166, 2014-Ohio-2109, ¶ 6. Appellant's third assignment of error is sustained.

**{¶ 35}** We therefore uphold appellant's convictions for sexual battery, sexual imposition, and gross sexual imposition, vacate appellant's sentences, and remand the case to the trial court for resentencing in accordance with R.C. 2929.14(C)(4) and *Bonnell*.

**{¶ 36}** Judgment affirmed in part, reversed in part, and cause remanded to the trial court for the limited purpose of resentencing.

HENDRICKSON, P.J., and PIPER, J., concur.