[Cite as *State v. Maupin*, 2014-Ohio-5398.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO.   CA2014-02-022 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>12/8/2014 |
| - vs - | : | |
| | : | |
| JOHN M. MAUPIN, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM MASON MUNICIPAL COURT
Case No. 13CR00775


Bethany Bennett, Mason City Prosecutor, 6000 South Mason-Montgomery Road, Mason, Ohio 45040, for plaintiff-appellee

Clyde Bennett II, 119 East Court Street, Cincinnati, Ohio 45202, for defendant-appellant


**M. POWELL, J.**

{¶ 1}  Defendant-appellant, John M. Maupin, appeals his conviction in the Mason Municipal Court for violating the terms of a protection order.  For the reasons discussed below, we affirm.

{¶ 2}  Appellant and Michelle Maupin were divorced in January 2013.  On July 23, 2013, the Hamilton County Court of Common Pleas, Division of Domestic Relations, issued an order of protection in favor of Michelle against appellant.  As one of its terms, the

protection order provided that appellant was not to be within 500 feet of Michelle and required him to immediately leave any location where the two accidentally came into contact. Both appellant and Michelle signed the protection order.

{¶ 3} On August 4, 2013, appellant and Michelle both attended a public concert on the grounds of the Mason Municipal Center. While at the concert, Michelle saw appellant approximately 100 feet away from her. Michelle and two of her friends observed appellant staring at them during the concert. One of Michelle's friends, Margaret Lumbardo, photographed appellant looking in their direction. After appellant continued watching Michelle, she reported appellant's violation of the protection order to a police officer. Officer Aaron Yeary of the Mason Police Department made contact with appellant and asked him about the protection order. Appellant stated that he and his ex-wife had mutual protection orders against each other, which required them to stay away from one another. After confirming with Hamilton County that a protection order was only in effect against appellant, appellant was arrested and transported to jail.

{¶ 4} Appellant was later charged with violating the terms of a protection order, in violation of Mason Municipal Code (MMC) 537.051(b) and menacing by stalking, in violation of MMC 537.051. After a jury trial, appellant was found not guilty of menacing by stalking and guilty of violating the terms of a protection order. Appellant timely appeals raising one assignment of error for our review:

{¶ 5} DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW WHEN HE WAS CONVICTED OF THE OFFENSE OF VIOLATING A CIVIL PROTECTION ORDER WITHOUT SUFFICIENT EVIDENCE. MOREOVER, THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE.

{¶ 6} In his sole assignment of error, appellant asserts his conviction is not supported

- 2 -

by sufficient evidence or the weight of the evidence because the state failed to prove he acted recklessly in violating the protection order. In support of his argument, appellant asserts that there was no evidence presented which demonstrated he knew Michelle was present or that he was aware of the risk that his conduct would violate the protection order. Rather, appellant contends the evidence demonstrated that he did not say anything to Michelle or attempt to contact her or any of her friends. We find no merit to his argument.

{¶ 7} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct concepts. *State v. Estes*, 12th Dist. Warren No. CA2013-12-126, 2014-Ohio-3295, ¶ 14. When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 33.

{¶ 8} In determining whether a conviction is against the manifest weight of the evidence, this court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Childers*, 12th Dist. Warren No. CA2014-02-034, 2014-Ohio-4895, ¶ 17, citing *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 22. In conducting this analysis, we are mindful that the trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given the evidence. *State v. Cornish*, 12th Dist. Butler No. CA2014-02-054, 2014-Ohio-4279, ¶ 40. An appellate court will not reverse a judgment on the weight of the evidence in a jury trial unless there is a unanimous concurrence of all three judges on the panel reviewing the case. *State v. Saunders*, 12th Dist. Fayette No. CA2012-03-006, 2013-Ohio-2052, ¶ 26.

{¶ 9} Because sufficiency is required to take a case to the jury, finding a conviction is

- 3 -

supported by the weight of the evidence necessarily includes a finding of sufficiency. *Estes* at ¶ 14. Therefore, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. *Id.*

{¶ 10} Appellant was convicted of violating the terms of a protection order under MMC 537.051(b)(1), which provides in pertinent part, the following: "No person shall recklessly violate the terms of any of the following: * * * a protection order issued or consent agreement approved pursuant to R.C. § 2919.26 or § 3113.31." In the present case, the protection order issued against appellant in favor of Michelle was introduced into evidence as city's exhibit 1. The protection order, issued pursuant to R.C. 3113.31, included a provision which required appellant to stay away from Michelle and not be "within 500 feet" of her, and if appellant accidentally came into contact with her, he was to "depart *immediately*." (Emphasis sic.)

{¶ 11} In the present case, the jury was presented with competing testimony. The city presented evidence that on August 4, 2013, while the protection order was effective, appellant was within 500 feet of Michelle; he saw Michelle at a concert but failed to leave. Michelle and both of her friends testified that they saw appellant looking in their direction. In addition, all three further testified that appellant looked in their direction for an extended amount of time, at least five to ten minutes, and in order to look in their direction, appellant had to look away from the concert. After observing appellant, Michelle testified that he remained at the concert for approximately one hour before she contacted the police. The city also submitted as an exhibit, a photograph of appellant looking in the direction of where Michelle was sitting. Appellant, however, testified at trial that he did not know that Michelle was at the concert. Appellant also presented the testimony of his current girlfriend, Helen Serage, who testified that appellant never mentioned or pointed out that Michelle was also present at the concert. Appellant also relies on Lumbardo's testimony that appellant did not

- 4 -

say anything or attempt to contact Michelle in anyway.

{¶ 12} After a review of the record, we find the jury did not lose its way and create such a manifest miscarriage of justice that appellant's conviction must be reversed. "It is well-established that when conflicting evidence is presented a trial, a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony." *Cornish*, 2014-Ohio-4279 at ¶ 45. As the trier of fact, the jury was in the best position to judge the credibility of the witnesses and the weight to be given to the evidence. Accordingly, we find the jury did not lose its way simply because it chose to believe the city's witnesses over appellant's testimony.

{¶ 13} Based on the foregoing, appellant's conviction is supported by the manifest weight of the evidence, and consequently, his conviction is also supported by sufficient evidence.

{¶ 14} Appellant's sole assignment of error is therefore overruled.

{¶ 15} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.